# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-608V
Filed: May 16, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| CHRISTOPHER SHERMAN, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Glen A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 14, 2014, Christopher Sherman ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.2 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that, as a result of receiving influenza ("flu") and Tetanus-diphtheria-acellular pertussis ("Tdap") vaccinations on September 20, 2012, he developed Guillain-Barré Syndrome ("GBS"). Petition at 1. Further, petitioner alleged that he experienced residual effects of the injury for more than six months. Id. at ¶ 23.

On November 30, 2015, the parties filed a stipulation stating that a decision should be entered awarding compensation. The undersigned issued a Decision awarding petitioner compensation pursuant to the parties' stipulation on December 2, 2015.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

On April 29, 2016, petitioner filed an application for attorneys' fees and costs, requesting $21,317.60 in attorneys' fees, $1,002.07 in attorneys' costs, and $400.00 in petitioner's costs, for a total fees and costs award of $22,719.67. Petitioner's ("Pet'r's") Application ("App.") at ¶ A; Petitioner and Counsel Statement (in compliance with General Order #9). On May 16, 2015, respondent filed a response to petitioner's application, stating that she "does not object to the overall amount sought." Respondent's Response at 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The issue of an appropriate hourly rate for the attorneys, paralegals, and law clerks at Conway, Homer & Chin-Caplan ("CHCC") was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). McCulloch rates were utilized in Petitioner's Application for Attorneys' Fees and Costs. On review of petitioner's application and billing log, the undersigned finds the number of hours expended reasonable. Finally, the requested costs, which consist primarily of the cost for medical records, are reasonable. Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned award the total of $22,719.67 as follows:**

(1) **A lump sum of $22,319.67 in the form of a check payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C., for attorneys' fees and costs.**

(2) **A lump sum of $400.00 in the form of a check payable to petitioner, for petitioner's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.